UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JOSHUA W. WHITE**                                                                                               **PETITIONER**

**v.**                                                      **CIVIL ACTION NO. 5:21-CV-P56-TBR**

**UNITED STATES OF AMERICA**                                                  **RESPONDENT**

**MEMORANDUM OPINION**

Before the Court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* Petitioner Joshua W. White. The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.[1] If so, the petition must be summarily dismissed. *Id.*; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding a district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because its claims are not cognizable in this action.

**I.**

White, an inmate at the Kentucky State Penitentiary, states that he is "seeking this court[']s compassionate relief of Concurrent sentencing of the Federal sentence with the state sentence due to extraordinary circumstances due to Covid-19, & undue hardship."

White was sentenced in his federal criminal case in this Court, *United States v. White*, No. 5:13-cr-43-TBR (DN 28), to 110 months total of imprisonment which "shall run consecutively to the sentence of imprisonment the defendant is presently serving in Fulton

---

[1] Though this petition is brought under § 2241 rather than § 2254, the Court may apply the Rules Governing § 2254 Cases to any petition seeking habeas corpus relief. *See* Rule 1(b), Rules Governing § 2254 Cases. Thus, the Court may apply Rule 4 to this case.

Circuit Court, Case Numbers 13-CR-39 and 09-CR-42." He is still in state custody on those two state cases. He explains that he has served over eight and one-half years on the state's 15-year sentence.

White states that he does not challenge his federal sentence but only seeks concurrent sentencing due to hardship caused by the pandemic and that the Kentucky Parole Board has deferred him on three occasions. The relief he seeks is "concurrent sentencing with the Kentucky sentence, on compassionate grounds due to Covid-19 and undue hardship[.]" He does not ask for immediate release.

## II.

The Sixth Circuit Court of Appeals has recently explained that a state prisoner's "pandemic-related constitutional claim [i]s cognizable under § 2241 [where] he s[eeks] release from confinement and claimed that no other set of conditions would remedy the alleged violation." *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (citing *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020)). Here, Petitioner does not seek release from his state incarceration. Instead, he appears to ask for his federal sentence to be made concurrent with his state sentence as a form of compassion due to the pandemic.

Claims cognizable under § 2241 by federal prisoners generally pertain to claims such as the computation of parole or sentencing credits, *i.e.*, events occurring after sentence. *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Here, since White objects not to the calculation or execution of his sentence, but to the actual terms of the sentence imposed at sentencing, *i.e.*, that his federal sentence be served consecutive to his state sentence, his claim would only properly be brought via a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. See *Roberts v. Lamanna*, 22 F. App'x 534, 535 (6th Cir. 2001) (holding that

"claim that the federal court erred by imposing a consecutive sentence . . . involves the validity of [the] sentence, rather than its execution . . . [and] would properly be the subject of a motion to vacate his sentence under 28 U.S.C. § 2255, rather than a habeas corpus petition under § 2241"); *see also Sumter v. S.C. Dep't of Corr.*, No. 0:06 1907 MBS, 2006 WL 2645162, at *2 (D.S.C. Sept. 13, 2006) (collecting cases and holding that petitioner seeking to have his consecutive federal sentence converted to concurrent sentence must proceed under § 2255 rather than § 2241, and that § 2255 provides a remedy for prisoners in state custody seeking to challenge federal sentence to be served in future).

White's § 2241 petition is not properly brought whether the Court considers him to be a state prisoner because he is currently serving a state sentence or a federal prisoner. Consequently, by separate Order, the Court will dismiss this action.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: February 7, 2022

Thomas B. Russell, Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
   1024 Capital Center Drive, Frankfort, KY 40601
U.S. Attorney
4413.009